UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYKER JOSE VALECILLOS-GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX, et al.,<br><br>Respondents. | No. 1:26-cv-03963-DAD-AC<br><br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 3) |

On May 26, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE") (Doc. No. 1) and a motion for temporary restraining order requesting his immediate release (Doc. No. 2).

On May 26, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided including, as relevant here, *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025) and *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025).  (Doc. No. 5.)  The court

1

informed respondents as follows: "The court will construe failure to distinguish the above cited cases as a concession that the cases are not substantively distinguishable." (*Id.*)  In addition, if respondents opposed the court ruling on the underlying petition based on the present briefing, respondents were directed to indicate so and provide substantive reasons in support thereof in their opposition.  (*Id.*)

On May 26, 2026, respondents filed a combined response to the petition for writ of habeas corpus and opposition to the motion for temporary restraining order.  (Doc. No. 8.)  On May 30, 2026, petitioner filed a reply to respondents' opposition to his motion for temporary restraining order.  (Doc. No. 9.)

Petitioner correctly points out in his reply that respondents have failed to distinguish the cases cited in the court's order (Doc. No. 5).  (Doc. No. 9 at 2–4.)  Rather, respondents argue that petitioner is detained pursuant to 8 U.S.C. § 1225(b) (*id.* at 2–3), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondents have not objected to the court ruling on the merits of the underlying petition based on the current briefing before the court.  (Doc. No. 8 at 2.)  Respondents have failed to address whether the circumstances presented in this case are distinguishable from those addressed in the cases cited in the court's order issued on May 26, 2026.  Because respondents did not state any opposition to the court ruling on the merits of the underlying petition based on the present briefing after being advised that they must do so if opposed, the court will resolve the pending petition in this order.

Based on the briefing submitted by the parties, the court finds the following facts. Petitioner, a native and citizen of Venezuela, entered the United States on June 21, 2022. (Doc. No. 1 at ¶ 25.)  Shortly after he entered the United States, petitioner encountered immigration authorities, was detained, and then released on his own recognizance on June 24, 2022.  (Doc. Nos. 1 at ¶ 27; 1-1 at 2.)  Petitioner alleges that he complied with the conditions of his release. (Doc. No. 1 at ¶ 19.)  Petitioner was re-detained on March 22, 2026, without notice of the reason for his re-detention or an opportunity to contest any purported reasons for his re-detention.  (*Id.* at ¶ 32–34.)

2

In light of petitioner's previous release on his own recognizance, the court incorporates and adopts the reasoning set forth in its prior orders *Ayala Cajina*, 2025 WL 3251083 and *Perez*, 2025 WL 3187578, where the court concluded that the petitioners' re-detention absent notice and an opportunity to be heard violated due process.   Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons explained above,

1.   Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.   Respondents are ORDERED to immediately release petitioner Beyker Jose Valecillos-Gonzalez, A-File No. 241-779-064, from respondents' custody on the same conditions, if any, that existed prior to his recent re-detention;

    b.   Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;

2.   Petitioner's motion for temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot by this order granting the petition for writ of habeas corpus on the merits;

3.   The Clerk of the Court is directed to serve the Golden State Annex Detention Facility with a copy of this order; and

4.   The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 5, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3